11-668-cv (L)
DLJ Mortg. Capital Inc. v. Kontogiannis

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
           PIERRE N. LEVAL,
           DEBRA ANN LIVINGSTON,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
DLJ Mortgage Capital Inc.,
           <u>Plaintiff-Appellee</u>,

           -v.-                                    11-668-cv (Lead)
                                                   11-785-cv (Con)

Halifax Group, LLC and Plaza Real
Estate Holdings Inc.
           <u>Defendants-Third-Party-</u>
           <u>Plaintiffs-Appellants</u>

           and

Georgia Kontogiannis; Lisa Dipinto
a/k/a Lisa Kontogiannis, a/k/a Lisa
Pollatos; Annette Apergis; Chloe
Kontogiannis; Adam Dipinto; Elias
Apergis; Edgewater Development, Inc.;
Loring Estates LLC; Parkview Financial
Center, Inc., d/b/a Parkview
Financial, Inc., d/b/a Parkview

Center, Inc.; Bond & Walsh Construction Co.; and Interamerican Mortgage Corp.

**Defendants-Appellants**

and

Thomas Kontogiannis; John T. Michael; Jonathan Rubin; Michael A. Gallan, Esq.; Ted Doumazios, Esq.; Thomas F. Cusack III, Esq.; Stephen P. Brown, Esq.; Stephen A. Martini; Carmine Cuomo; Coastal Capital Corp., d/b/a The Mortgage Shop, d/b/a Clearlight Mortgage; Group Kappa Corp.; Clear View Abstract LLC; Triumph Abstract Inc.; Washington Title Ins. Co., Inc.; Chicago Title Ins. Co., Inc.; United General Title Ins. Co, Inc.; Does 1 through 100

**Defendants**

-v.-

Federal Deposit Insurance Corp., as Receiver for Washington Mutual Bank

**Third-Party Defendant-Appellee.**[*]

- - - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANTS-THIRD-PARTY-PLAINTIFFS-APPELLANTS:      Paul B. Bergman, Esq., Paul B. Bergman, P.C., New York, NY.

FOR DEFENDANTS-APPELLANTS:      Ronald Edward DePetris, DePetris & Bachrach, LLP, New York, NY.

FOR PLAINTIFF-APPELLEE:      John P. Amato, Hahn & Hessen LLP, New York, NY.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

2

**FOR THIRD-PARTY-DEFENDANT-APPELLEE:** Alan Todd Gallanty, Gary Hoppe, and Daniel S. Kokhba, Kantor, Davidoff, Wolfe, Mandelker, Twomey & Gallanty, P.C., New York, NY; and Colleen J. Boles, Assistant General Counsel; Lawrence H. Richmond, Senior Counsel; Michelle Ognibene, Counsel, Federal Deposit Insurance Corporation, Arlington, VA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED.**

Defendants-Third-Party-Plaintiffs-Appellants[1] and Defendants-Appellants[2] (collectively "Appellants") appeal the District Court's decision (1) dismissing the interpleader complaint against Third-Party-Defendant-Appellee Federal Deposit Insurance Corporation ("the FDIC")

---

[1] Halifax Group, LLC and Plaza Real Estate Holdings Inc.

[2] Georgia Kontogiannis; Lisa Dipinto a/k/a Lisa Kontogiannis, a/k/a Lisa Pollatos; Annette Apergis; Chloe Kontogiannis; Adam Dipinto; Elias Apergis; Edgewater Development, Inc.; Loring Estates LLC; Parkview Financial Center, Inc., d/b/a Parkview Financial, Inc., d/b/a Parkview Center, Inc.; Bond & Walsh Constr. Co.; and Interamerican Mortgage Corp.

and (2) remanding the case to the New York Supreme Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

[1] We lack jurisdiction to consider the appeal of the remand order. Except in specified civil rights cases, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Thus, Section 1447(d) generally precludes appellate jurisdiction of a remand order when the remand is for lack of subject-matter jurisdiction or for defects in the removal procedure. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229 (2007).

The remand in this case was for lack of subject-matter jurisdiction. The District Court explained that once it dismissed the interpleader complaint against the FDIC (because the FDIC had been improperly made a party to the litigation), the statutory provision that supported federal jurisdiction was no longer satisfied and "should not be construed to support continued federal subject matter jurisdiction of the remaining parties' state law claims inter se." DLJ Mortg. Capital, Inc. v. Kontogiannis, No. 10 Civ. 9092(LTS), 2011 WL 611836, *3 (S.D.N.Y. Feb. 17, 2011).

Appellants argue that the remand was pursuant to the District Court's election to forgo supplemental jurisdiction and that a remand based on such a decision is reviewable. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009). They rely on the following statement in the District Court opinion: "In that the remaining claims arise under state law and there is no independent basis for federal jurisdiction, the Court also declines pursuant to 28 U.S.C. § 1367(c) to exercise any supplemental jurisdiction it may have of those claims." DLJ Mortg. Capital, Inc., 2011 WL 611836 at *3. This sentence signifies only that the District Court would not have exercised "*any* supplemental jurisdiction it *may have* [had] of those claims," id. (emphasis added), not that it had supplemental jurisdiction and was declining to exercise it. Evidently for that reason, the District Court undertook no analysis to determine whether it had supplemental jurisdiction. See 28 U.S.C. § 1367(c).

In any event, the District Court's remand could be "colorably characterized" as for lack of subject-matter jurisdiction. Powerex Corp., 551 U.S. at 234. Accordingly, "appellate review is barred by § 1447(d)." Id.

**[2]** We also lack jurisdiction over the dismissal of the interpleader complaint against the FDIC. In Powerex Corp.,

5

the Supreme Court concluded the court of appeals lacked jurisdiction of an appeal from a decision denying sovereign immunity and remanding the case, including jurisdiction to decide merely "the substantive issues of law that preceded the remand order."  551 U.S. at 228; accord id. at 227-228, 232-34, 237-39.

Here too, Appellants appeal the District Court's substantive decision that the case was not properly in federal court (and the resulting remand).  Under Powerex Corp., however, we lack jurisdiction to review that decision.  See id. at 238-39 (cautioning courts of appeals that they "must take that jurisdictional prescription seriously, however pressing the merits of the appeal might seem.")

We have considered all of the additional arguments and find them to be without merit.  Accordingly, we **DISMISS** this appeal for lack of subject-matter jurisdiction.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk