FILED
United States Court of Appeals
Tenth Circuit

April 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MILOSLAV MULLER,

        Plaintiff–Appellant,

v.

ISLANDS AT RIO RANCHO
HOMEOWNERS ASSOCIATION;
ASSOCIA CANYON GATE REAL
ESTATE SERVICES, AAMC,

        Defendants–Appellees.

No. 13-2188
(D.C. No. 1:13-CV-00351-LFG-RHS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Miloslav Muller, proceeding pro se, appeals from a magistrate judge's order

dismissing pursuant to Fed. R. Civ. P. 12(b)(6) his claim of retaliation under

42 U.S.C. § 1981 and his claim of defamation under New Mexico state law.

Exercising jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Muller owns a townhouse in the Islands at Rio Rancho ("Islands"), an adult retirement community governed by the Islands at Rio Rancho Homeowners Association (the "HOA"). Proceeding pro se, Muller filed suit in federal district court in New Mexico against the HOA and its management company, defendant Associa Canyon Gate Real Estate Services ("Associa"), in 2013. Because this case reaches us following a successful motion to dismiss, we assume the truth of all well-pled facts in Muller's complaint. See Dias v. City & Cnty. of Denver, 567 F.3d 1169, 1174 (10th Cir. 2009).

In April 2009, Muller reported to the New Mexico Department of Agriculture an incident of hazardous environmental exposure to an African-American employee of Shamrock Landscaping ("Shamrock"), a company that was performing landscaping work at the Islands. According to Muller, Shamrock used an "unsuspecting" African-American employee to apply toxic pesticides without any training or knowledge. Muller claimed that as a result of this report, the HOA and Islands management personnel retaliated against him in April 2010. He asserted that they intentionally declined to provide certain information to a plumbing company performing emergency work at Muller's residence, resulting in flood damage to his home.

In June 2011, Muller reported to the New Mexico Environment Department an environmental hazard that occurred at the Islands during work performed by a

different landscaping company. As a result of this report, and his earlier 2009 report, the HOA issued Muller a letter warning that it would take action against him if he harassed landscaping crews or interfered with their work at the Islands. He claimed the letter was written to defame him and was in retaliation for his protected activity in 2009. Muller claimed that an additional incident of retaliation occurred in April 2012, when the HOA's recently hired management company, Associa, refused to respond to his request to repair his damaged lawn. Further, the HOA's counsel sent him a letter allegedly containing false and defamatory statements in retaliation for his protected activity in 2009.

Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Muller asserted three separate causes of action under § 1981, including two combined retaliation and "defamation" causes of action, which the magistrate judge[1] construed as asserting one claim of retaliation under § 1981 and one claim of defamation under New Mexico state law. The district court dismissed the federal claim for failure to state a claim and, exercising supplemental jurisdiction, dismissed the state-law claim. Muller appeals.

## II

We review de novo a district court's dismissal of a complaint for failure to state a claim, applying the same standards as the district court. Russell v. United

---

[1] The parties consented to proceedings, including the entry of final judgment, conducted by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). For ease, we refer to the magistrate judge hereinafter as the "district court."

States, 551 F.3d 1174, 1178 (10th Cir. 2008). In reviewing a motion under Rule 12(b)(6), we accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff. Id. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While the 12(b)(6) standard does not require that [a] [p]laintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012). Although "specific facts are not necessary, some facts are." Id. at 1193 (quotation, alteration, and citation omitted).

We may affirm the district court's ruling for any reason supported by the record. D.A. Osguthorpe Family P'ship v. ASC Utah, Inc., 705 F.3d 1223, 1231 (10th Cir.), cert. denied, 133 S. Ct. 2831 (2013). Because Muller proceeds pro se, we construe his filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, we will not act as his advocate. Id.

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. Allstate Sweeping, LLC v. Black, 706 F.3d 1261, 1265 (10th Cir. 2013); see 42 U.S.C. § 1981(a). It provides that all persons "shall have the same right . . . to make and enforce contracts." § 1981(a). The term "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual

- 4 -

relationship." § 1981(b).  Accordingly, § 1981 "offers relief when racial

discrimination blocks the creation of a contractual relationship, as well as when racial

discrimination impairs an existing contractual relationship."  Domino's Pizza, Inc. v.

McDonald, 546 U.S. 470, 476 (2006).  "Any claim brought under § 1981, therefore,

must initially identify an impaired contractual relationship . . . ."  Id. (quotation

omitted).

Section 1981 also "encompasses a complaint of retaliation against a person

who complained about a violation of another person's contract-related 'right.'"

CBOCS W., Inc. v. Humphries, 553 U.S. 442, 445 (2008).  "To establish a prima

facie case of retaliation, [a] plaintiff must show that (1) he engaged in protected

opposition to discrimination; (2) he suffered an adverse . . . action; and (3) there is a

causal connection between the protected activity and the adverse . . . action."  Hysten

v. Burlington N. & Santa Fe Ry. Co., 296 F.3d 1177, 1183 (10th Cir. 2002)

(quotation omitted) (applying elements in employment context).

We agree with the district court that Muller's complaint failed to allege the

violation of another person's contract-related right and that such violation was

race-based.  The complaint does not, as it must, identify "an impaired 'contractual

relationship,'" Domino's Pizza, 540 U.S. at 476, or even allege a contractual

relationship between the African-American employee and defendants.  Such facts are

necessary to demonstrate that Muller engaged in protected opposition to race-based

discrimination—that is, that Muller was retaliated against for complaining about the

- 5 -

violation of another person's contract-related right.  See CBOCS, 553 U.S. at 445.

Moreover, as the district court found, Muller's allegations of race-based

discrimination are speculative at best.  His claim that it appeared that Shamrock used

only unsuspecting African-Americans to apply pesticides fails "to raise [his] right to

relief above the speculative level."  Twombly, 550 U.S. at 555.

We also reject Muller's argument that the district court failed to consider

admissible evidence concerning the alleged contractual relationships at issue.

Although Muller attached exhibits to his brief in opposition to defendants' motion to

dismiss in an effort to demonstrate contractual relationships, the district court's order

expressly states that it did not consider the exhibits because doing so would have

converted the motion into one for summary judgment.  We do not perceive any error.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

that the parties might present at trial, but to assess whether the plaintiff's complaint

alone is legally sufficient to state a claim for which relief may be granted."  Cnty. of

Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002) (quotation omitted).

Ultimately, although Muller used the term "protected activity" in his

complaint, he did so in conclusory fashion.  Having failed to sufficiently allege facts

demonstrating that he engaged in protected activity, the complaint fails to set forth a

plausible claim of retaliation.  Accordingly, the district court properly dismissed

Muller's § 1981 claim for failure to state a claim.

Muller asserts in his opening brief, without citation or argument, that the district court erred in considering and dismissing his state-law defamation claim after dismissing his federal claims. His reply brief fares slightly better. Nevertheless, "[a] district court's decision whether to exercise [supplemental] jurisdiction [over state-law claims] after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). We conclude there was no abuse of discretion in retaining jurisdiction over the state-law claim. Muller's only argument concerning the district court's determination on the merits concerns an alleged failure to consider evidence from the record. As noted above, however, the district court was considering a motion to dismiss pursuant to Rule 12(b)(6), and we thus reject this argument. See Cnty. of Santa Fe, 311 F.3d at 1035. Having reviewed the federal district court's determination of state law de novo, see Time Warner Entm't Co. v. Everest Midwest Licensee, L.L.C., 381 F.3d 1039, 1044 (10th Cir. 2004), we conclude the district court properly dismissed the state law claim.[2]

---

[2] Muller filed a "Motion to Reopen Case Due to Harmful Procedural Error" after the district court's entry of final judgment. The district court denied the motion on November 5, 2013. Muller filed an amended notice of appeal on November 6, 2013, but did not indicate that he was appealing the November 5, 2013, order. Muller's briefs on appeal do not contain allegations of error concerning this order. To the extent that any such allegation exists, we have reviewed the matter for abuse of discretion and find none. See In re Harper, 725 F.3d 1253, 1256 (10th Cir. 2013) (rulings on post-judgment motions are reviewed only for an abuse of discretion).

**III**

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge