**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7828**

PATRICK L. BOOKER,

             Plaintiff - Appellant,

        v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; SYLVIA JONES; ANN
SHEPPARD; THIERRY NETTLES,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Mary G. Lewis, District Judge.
(8:12-cv-01957-MGL)

Submitted:  March 31, 2014          Decided:  August 28, 2014

Before WILKINSON and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Patrick L. Booker, Appellant Pro Se.   Mary Elizabeth Sharp,
GRIFFITH, SADLER & SHARP, PA, Beaufort, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick L. Booker appeals the district court's order adopting the recommendation of the magistrate judge and granting summary judgment on his claim that prison mailroom employee Sylvia Jones violated his First Amendment rights by filing a false disciplinary charge against him in retaliation for a grievance Booker submitted regarding the inspection of his mail. Booker also contests the district court's determination that his Fed. R. Civ. P. 59(e) motion was moot. We affirm in part, vacate in part, and remand for further proceedings.

We review the district court's grant of summary judgment de novo. Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the

2

nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

For his claim of retaliation to survive summary judgment, Booker was required to produce sufficient evidence "that (1) [he] engaged in protected First Amendment activity, (2) [Jones] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and [Jones'] conduct." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005). With respect to the second element, Booker was required to "show that [Jones'] conduct resulted in something more than a de minimis inconvenience to [his] exercise of First Amendment rights." Id. at 500 (internal quotation marks omitted). Whether Booker's protected speech was in fact curtailed by Jones' conduct, however, is not dispositive. Rather, the district court was required to also evaluate whether Jones' actions "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. (internal quotation marks omitted). This objective inquiry examines the specific facts of each case, taking into account the actors involved and their relationship. See Balt. Sun Co. v. Ehrlich, 437 F.3d 410, 416 (4th Cir. 2006). Importantly, because "conduct that tends to chill the exercise of

3

constitutional rights might not itself deprive such rights, . . . a plaintiff need not actually be deprived of [his] First Amendment rights in order to establish First Amendment retaliation." Constantine, 411 F.3d at 500.

Applying this precedent, we conclude that disputes of material fact undermine the district court's finding that Booker suffered no cognizable injury from Jones' actions. After receiving Booker's grievance regarding the handling of his mail, Jones charged him with the disciplinary offense of "Threatening to Inflict Harm on/Assaulting an Employee and/or Members of the Public." Yet, the record contains no uncontested evidence plausibly suggesting that the content of Booker's grievance or his other conduct warranted that charge, as it is defined by the South Carolina Department of Corrections. In fact, viewed in a light most favorable to Booker, the evidence supports a contrary finding. The evidence supported Booker's allegation as to the falsity of the charge, in that (1) Booker was found not guilty because there was no evidence he physically threatened Jones, (2) Booker specifically refuted Jones' averment that he yelled threats at her, and (3) Jones' Incident Report levying the 809 charge made no mention of verbal threats or other arguably intimidating conduct. Under such circumstances, we conclude that Booker produced sufficient evidence that Jones' conduct would likely deter prisoners of ordinary firmness from exercising

4

their First Amendment rights.  See, e.g., Santiago v. Blair, 707 F.3d 984, 993 (8th Cir. 2013); see also Gayle v. Gonyea, 313 F.3d 677, 682-84 (2d Cir. 2002).  However, we offer no opinion as to whether Booker has engaged in protected speech or can show the requisite causal connection between that speech and Jones' decision to charge him with the disciplinary infraction, leaving those questions for consideration in the first instance to the district court on remand.

Further, we conclude that the district court abused its discretion by denying Booker's Rule 59(e) motion as moot. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010) (stating standard of review).  Contrary to the district court's apparent determination, it retained authority to consider Booker's post-judgment motion despite remanding under 28 U.S.C. § 1367(c)(3) (2012).  See Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157-59 (3d Cir. 1998); see also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 640-41 (2009).

Accordingly, we vacate the grant of summary judgment on Booker's claim that Jones retaliated against him for filing a grievance complaining of the opening of his mail and affirm the grant of summary judgment on Booker's remaining federal law claims.  We also vacate the denial of Booker's Rule 59(e) motion.  Because we reinstate one of Booker's federal law

5

claims, we vacate the district court's order remanding Booker's state law claims and direct reconsideration of whether exercising jurisdiction over those claims is appropriate. Vathekan v. Prince George's Cnty., 154 F.3d 173, 181 (4th Cir. 1998). We remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED