Justice Thomas
delivered the opinion of the Court.
In this case, we decide whether a federal court of appeals has jurisdiction to review a district court’s order that remands a case to state court after declining to exercise supplemental jurisdiction over state-law claims under 28 U. S. C. § 1867(c). The Court of Appeals for the Federal Circuit held that appellate review of such an order is barred by § 1447(d) because it viewed the remand order in this case as resting on the District Court’s lack of subject-matter jurisdiction over the state-law claims. We disagree and reverse the judgment of the Court of Appeals.
I
In 2005, respondents filed a complaint against petitioner and others in California state court, alleging that petitioner had violated state and federal law in connection with a patent dispute. Petitioner removed the case to the United States District Court for the Central District of California pursuant to § 1441(c), which allows removal of an “entire case” when it includes at least one claim over which the federal district court has original jurisdiction. Petitioner then filed a motion to dismiss the only federal claim in the lawsuit, which arose under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. §§ 1961-1968, for failure *637 to adequately allege a pattern of racketeering. HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., 508 F. 3d 659, 662 (CA Fed. 2007). The District Court agreed that respondents had failed to state a RICO claim upon which relief could be granted and dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court also declined to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U. S. C. § 1367(c)(3), which provides that a district court “may decline to exercise supplemental jurisdiction over a claim” if “the district court has dismissed all claims over which it has original jurisdiction.” The District Court then remanded the case to state court as authorized by this Court’s decision in Carnegie-Mellon Univ. v. Cohill, 484 U. S. 343 (1988).
Petitioner appealed to the United States Court of Appeals for the Federal Circuit, arguing that the District Court should have exercised supplemental jurisdiction over the state-law claims because they implicate federal patent-law rights. 508 F. 3d, at 663. The Court of Appeals dismissed the appeal, finding that the remand order could “be colorably characterized as a remand based on lack of subject matter jurisdiction” and, therefore, could not be reviewed under §§ 1447(c) and (d), which provide in part that remands for “lack of subject matter jurisdiction” are “not reviewable on appeal or otherwise.” See id., at 667.
This Court has not yet decided whether a district court’s order remanding a case to state court after declining to exercise supplemental jurisdiction is a remand for lack of subject-matter jurisdiction for which appellate review is barred by §§ 1447(c) and (d). See Powerex Corp. v. Reliant Energy Services, Inc., 551 U. S. 224, 235, n. 4 (2007) (“We have never passed on whether Cohill remands are subject-matter jurisdictional for purposes of . . . § 1447(c) and § 1447(d)”). We granted certiorari to resolve this question, 555 U. S. 943 (2008), and now hold that such remand orders are not based on a lack of subject-matter jurisdiction. Ac *638 cordingly, we reverse the judgment of the Court of Appeals and remand for further proceedings.
II
Appellate review of remand orders is limited by 28 U. S. C. § 1447(d), which states:
“An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.”
This Court has consistently held that § 1447(d) must be read in pari materia with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(e). See Thermtron Products, Inc. v. Hermansdorfer, 423 U. S. 336, 345-346 (1976); see also Powerex, supra, at 229; Quackenbush v. Allstate Ins. Co., 517 U. S. 706, 711-712 (1996); Things Remembered, Inc. v. Petrarca, 516 U. S. 124, 127 (1995).*
One type of remand order governed by § 1447(c) — the type at issue in this case — is a remand order based on a lack of “subject matter jurisdiction.” § 1447(c) (providing, in relevant part, that “[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded”). The question presented in this case is whether the District Court’s remand order, *639 which rested on its decision declining to exercise supplemental jurisdiction over respondents’ state-law claims, is a remand based on a “lack of subject matter jurisdiction” for purposes of §§ 1447(c) and (d). It is not.
“Subject matter jurisdiction defines the court’s authority to hear a given type of case,” United States v. Morton, 467 U. S. 822, 828 (1984); it represents “the extent to which a court can rule on the conduct of persons or the status of things,” Black’s Law Dictionary 870 (8th ed. 2004). This Court’s precedent makes clear that whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction. See, e.g., Quackenbush, supra, at 712 (holding that an abstention-based remand is not a remand for “lack of subject matter jurisdiction” for purposes of §§ 1447(c) and (d)); Ankenbrandt v. Richards, 504 U. S. 689, 704 (1992) (questioning whether, “even though subject-matter jurisdiction might be proper, sufficient grounds exist to warrant abstention from the exercise of that jurisdiction”); Iowa Mut. Ins. Co. v. LaPlante, 480 U. S. 9, 16, n. 8 (1987) (referring to exhaustion requirement as “a matter of comity” that does “not deprive the federal courts of subject-matter jurisdiction” but does “rende[r] it appropriate for the federal courts to decline jurisdiction in certain circumstances”).
With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. See §§ 1367(a), (c). A district court’s decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. See § 1367(c) (“The district courts may decline to exercise supplemental jurisdiction over a claim ... if... the district court has dismissed all claims over which it has original jurisdiction” (emphasis added)); Osborn v. Haley, 549 U. S. 225, 245 (2007) (“Even if only state-law claims remained after resolution of the federal question, the District Court would have *640 discretion, consistent with Article III, to retain jurisdiction”); Arbaugh v. Y & H Corp., 546 U. S. 500, 514 (2006) (“[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U. S. C. §1367, over pendent state-law claims”); see also 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure §3567.3, pp. 428-432 (3d ed. 2008) (“Once it has dismissed the claims that invoked original bases of subject matter jurisdiction, all that remains before the federal court are state-law claims.... The district court retains discretion to exercise supplemental jurisdiction [over them]”). As a result, “the [district] court’s exercise of its discretion under § 1367(c) is not a jurisdictional matter. Thus, the court’s determination may be reviewed for abuse of discretion, but may not be raised at any time as a jurisdictional defect.” 16 J. Moore et al., Moore’s Federal Practice §106.05[4], p. 106-27 (3d ed. 2009).
It is undisputed that when this case was removed to federal court, the District Court had original jurisdiction over the federal RICO claim pursuant to 28 U. S. C. § 1331 and supplemental jurisdiction over the state-law claims because they were “so related to claims in the action within such original jurisdiction that they form[ed] part of the same case or controversy under Article III of the United States Constitution,” § 1367(a). Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise that statutory authority was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them. See Chicago v. International College of Surgeons, 522 U. S. 156, 173 (1997) (“Depending on a host of factors, then — including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal *641 claims — district courts may decline to exercise jurisdiction over supplemental state law claims”). The remand order, therefore, is not based on a “lack of subject matter jurisdiction” for purposes of the bar to appellate review created by §§ 1447(c) and (d).
The Court of Appeals held to the contrary based on its conclusion that “every § 1367(c) remand necessarily involves a predicate finding that the claims at issue lack an independent basis of subject matter jurisdiction.” 508 F. 3d, at 667. But, as explained above, §§ 1367(a) and (c) provide a basis for subject-matter jurisdiction over any properly removed state claim. See Osborn, supra, at 245; Arbaugh, supra, at 514. We thus disagree with the Court of Appeals that the remand at issue here “can be colorably characterized as a lack of subject matter jurisdiction.” 508 F. 3d, at 667.
* * *
When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d). The judgment of the Court of Appeals for the Federal Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

We do not revisit today whether Thermtron was correctly decided. Neither the brief for petitioner nor the brief for respondents explicitly asked the Court to do so here, and counsel for both parties clearly stated at oral argument that they were not asking for Thermtron to be overruled. See Tr. of Oral Arg. 16, 22; cf. South Central Bell Telephone Co. v. Alabama, 526 U. S. 160, 171 (1999). We also note that the parties in Powerex, Quackenbush, and Things Remembered did not ask for Therm-tron to be overruled.