OPINION
PER CURIAM.
Hyoja Akiko Moore appeals pro se from the District Court’s order remanding this matter to state court. We will dismiss this appeal in part and summarily affirm in part. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
Tremayne Brown, Roberto Evans and Diane Powers filed suit against Moore in New Jersey state court. Their complaint asserts seven state-law claims arising from Moore’s alleged breach of a partnership agreement concerning the purchase of real property. Moore removed the action to federal court, purportedly under 28 U.S.C. §§ 1441(b) (on the basis of federal question jurisdiction) and 1443. The District Court served Moore with a standing order requiring her to provide certain information regarding the basis for removal, and Moore filed a response. The District Court then remanded this matter to state court by order entered October 7, 2009. The District Court concluded that the state-court complaint did not give rise to a federal question and that Moore had not satisfied the requirements for removal under § 1443. Moore appeals.[1]
With other exceptions not relevant here, “[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise” unless the case was removed pursuant to § 1443. 28 U.S.C. § 1447(d); see also Carlsbad Tech., Inc., v. HIF Bio, Inc., — U.S. —,—-—, 129 S.Ct. 1862, 1865-66,173 L.Ed.2d 843 (2009) (interpreting § 1447(d)). Thus, we will dismiss Moore’s appeal to the extent that she challenges the District Court’s conclusion that it lacked subject matter jurisdiction. See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir.1997). We have jurisdiction, however, to determine whether removal was proper under § 1443. See id. We exercise plenary review over that legal issue, see Lazorko v. Pennsylvania Hosp., 237 F.3d 242, *329 247 (3d Cir.2000), and conclude that the District Court properly remanded this matter to state court.
Moore purported to remove this action under both subsections of § 1443, but only her invocation of the first subsection requires extended discussion.[2] Section 1443(1) authorizes the removal of a state law action “[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.” 28 U.S.C. § 1443(1). For this provision to apply, “a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law ‘providing for ... equal civil rights’; and (2) that he is ‘denied or cannot enforce that right in the courts’ of the state.” Davis, 107 F.3d at 1047 (quoting Georgia v. Rachel, 384 U.S. 780, 788, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law “ ‘providing for specific civil rights stated in terms of racial equality.’ ” Id. (citation omitted). The second requirement is met when a defendant’s federal civil rights would “ ‘inevitably be denied by the very act’ of being brought to trial in state court.” Id. at 1050 (citation omitted).
The District Court properly determined that these requirements are not satisfied here. Moore asserts that removal is proper because the judge presiding over the state court action has (1) made unspecified biased and prejudicial rulings, (2) failed to follow unspecified prior precedent, (3) failed to “honor” an order entered in an unspecified prior action, and (4) relied on falsified or forged documents submitted by the plaintiffs. (Notice of Removal at 1.) We express no opinion on the merits of these allegations, but they do not state grounds for removal under § 1443 even if they are true. See Davis, 107 F.3d at 1048 (“ ‘It is not enough to support removal under § 1443(1) to allege or show ... that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.’ ”) (citation omitted). Moore has not identified any right conferred on her by a federal statute concerning racial equality that inevitably will be violated by the litigation of this matter in state court, and there does not appear to be any. To the contrary, as the District Court concluded, she has alleged nothing that cannot be redressed if appropriate within the state court system itself.
Accordingly, we will dismiss this appeal in part and affirm the District Court’s ruling that removal was not proper under § 1443.

. The District Court’s order also denied as moot a motion for an injunction that Moore filed seeking immediate possession of the property at issue. It entered another order on October 8, 2009, cancelling a previously scheduled conference in light of the remand. Moore has appealed from the October 8 order as well, but the District Court's cancellation of the conference, as well as its denial of Moore's motion for an injunction, clearly were proper in light of its remand and do not require separate discussion.

. "[T]he second subsection of [§ ] 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.” City of Greenwood v. Peacock, 384 U.S. 808, 824, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Moore has not alleged anything that might permit removal under this subsection.