NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1133

CAS S. TANNER,

Plaintiff-Appellant,

v.

TEXAS WORKFORCE COMMISSION,

Defendant-Appellee,

and

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

Appeal from the United States District Court for the Western District of Texas in case no. 09-CV-0429, Judge James R. Nowlin.

ON MOTION

Before GAJARSA, PROST, and MOORE, Circuit Judges.

PER CURIAM.

## ORDER

The United States Postal Service moves to dismiss Cas S. Tanner's appeal. Tanner opposes. The Texas Workforce Commission responds and moves to transfer this appeal to the United States Court of Appeals for the Fifth Circuit.

This appeal stems originally from a complaint filed by Tanner in the 126th District Court of Travis County, Texas seeking review of the Texas Workforce Commission's denial of unemployment benefits under the Texas Unemployment Compensation Act. Pursuant to that statute, Tanner was required to join her former employer, the United States Postal Service (USPS), as a defendant to the proceedings. Upon notice of the

proceedings, the USPS removed the action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1442(a)(1).

Tanner moved without opposition to withdraw the USPS as a defendant. On October 21, 2009, the district court ordered that the case be remanded to state court without USPS as a named defendant on the ground that "the parties have stipulated to a dismissal of the [USPS] without prejudice under Rule 41(a)(1), which occurs without a court order." Tanner filed a timely notice of appeal seeking review by this court.

This court is a court of limited jurisdiction. 28 U.S.C. § 1295. Because this case does not fall within our jurisdiction, we agree with the Texas Workforce Commission that this court is without authority to hear the appeal on its merits and that transfer to the Fifth Circuit is appropriate. See 28 U.S.C. § 1631 (whenever the "court finds that there is a want of jurisdiction, the court, shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed").

Because we transfer to the Fifth Circuit, we leave for that court's determination whether the district court remanded the action to the state court due to lack of subject matter jurisdiction or because the district court was deciding not to retain supplemental jurisdiction over the state law claims. See Carlsbad Technology, Inc. v. HIF Bio, Inc., 129 S. Ct. 1862, 1867 (2008).

Accordingly,

IT IS ORDERED THAT:

Tanner's appeal is transferred to the United States Court of Appeals for the Fifth Circuit.

FOR THE COURT

MAR 1 5 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:    Cas S. Tanner
       J. Reed Clay, Jr., Esq.
       Vincent D. Phillips, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 5 2010

JAN HORBALY
CLERK