[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2010
JOHN LEY
CLERK

_____

No. 08-16657

_____

D. C. Docket No. 07-00134-CV-2-RDP

ALABAMA DENTAL ASSOCIATION, THE
in an associational capacity on behalf
of its members, et al.,

Plaintiffs,

LEW MITCHELL, D.M.D.,

Plaintiff-Appellee,

versus

BLUE CROSS & BLUE SHIELD OF ALABAMA, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 16, 2010)

Before HULL, WILSON and FARRIS,[*] Circuit Judges.

_____

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

PER CURIAM:

Blue Cross & Blue Shield of Alabama, Inc. (BCBS) appeals the district court's order remanding this case to state court. BCBS argues that the district court was compelled to retain jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). BCBS also argues that the district court abused its discretion by failing to exercise supplemental jurisdiction.

As a preliminary matter, we resolve a jurisdictional issue that was carried with the case: whether under 28 U.S.C. § 1447(d) we can review the district court's decision to remand. The district court remanded after first concluding there was no federal officer removal jurisdiction, then electing not to retain jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(c)(3). In *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009), the Supreme Court recently made clear our power to review such a decision. This case differs from a remand for lack of subject-matter jurisdiction that is not reviewable. Both sides agree that *Carlsbad* confirms this Court's jurisdiction over this appeal.

We have reviewed the briefs and received the benefit of oral argument. Finding no reversible error, we affirm the remand of the Second Amended Complaint to state court.

**AFFIRMED.**