12-4574-cv
McCulloch v. Town of Milan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
$\qquad$ **Circuit Judges,**
CHRISTINA REISS,
$\qquad$ **District Judge.**[*]

- - - - - - - - - - - - - - - - - - - - -X

CARMEN OTERO McCULLOCH,

**Plaintiff-Appellant,**

-v.- No. 12-4574-cv

TOWN OF MILAN, TOWN OF MILAN TOWN BOARD, JOHN V. TALMADGE, Town Supervisor, ALFRED BRUTTON, Councilpersons, PAULINE COMBE-CLARK, Councilpersons, DIANE MAY,

---

[*] Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Councilpersons, ROSS WILLIAMS,
Councilpersons, TOWN OF MILAN PLANNING
BOARD, LAUREN KINGMAN, Chairman,
JEFFREY ANAGOS, and Members, PETER
GOSS, Member, SHEILA MARGIOTTA, MARY
ANN HOFFMAN, Member, PAULINE
COMBE-CLARK, GARY E. BECK, Zoning
Enforcement Officer, Town of Milan,
FRANK MARGIOTTA, BARBARA HUGHEY,
CHARLOTTE NORMAN,

        **Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**    KENNETH J. McCULLOCH, New York,
                                NY.

**FOR DEFENDANTS-APPELLEES:**    TERRY RICE, Rice & Amon,
                                Suffern, NY.

        Appeal from a judgment and orders of the United States District Court for the Southern District of New York (Preska, <u>C.J.</u>).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court be **AFFIRMED**.

        Carmen Otero McCulloch appeals, among other things, the district court's grant of summary judgment to the Defendants with respect to McCulloch's claims under (<u>inter alia</u>) the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631, and the United States Constitution.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

        1.  <u>Fair Housing Act.</u>  The district court granted summary judgment to the Defendants on the FHA claims.  We review <u>de novo</u> a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor.  <u>See</u> <u>Wrobel v. Cnty. of Erie</u>, 692 F.3d 22, 27 (2d Cir. 2012).  Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor."  Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).

"An FHA violation may be established on a theory of disparate impact or one of disparate treatment."  LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 425 (2d Cir. 1995). McCulloch has not established a genuine dispute of material fact as to her prima facie case of discrimination based on either theory.

"To establish a prima facie case of discrimination" under the disparate treatment theory, "the plaintiff[] must present evidence that animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive."  Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 49 (2d Cir. 2002) (internal quotation marks omitted), superseded by statute on other grounds, ADA Amendments of 2008, Pub. L. No. 110-325, 122 Stat. 3553, as recognized in Brooker v. Altoona Hous. Auth., No. 3:11-CV-95, 2013 WL 2896814, at *9 n.8 (W.D. Pa. June 12, 2013).  McCulloch presents no evidence from which a reasonable jury could find that the Defendants harbored animus against Hispanics, or that animus played a role in the restrictions imposed on McCulloch's subdivision.  McCulloch never met the Defendants; her interests were represented throughout the approval process by her husband, who is not Hispanic. McCulloch responds by arguing, among other things, that a subdivision driveway was labeled (by McCulloch) as the "Otero" driveway, that "Otero" is clearly a Hispanic surname, and that an unidentified non-Defendant made a negative comment at a public meeting about "city people." None of these contentions gives rise to a genuine dispute that the Defendants actually knew that McCulloch was Hispanic and discriminated against her for that reason.[1]

---

[1] McCulloch argues that the Defendants *should* have known she was Hispanic because the Town certified to the federal government that it was in compliance with its obligation to conduct an analysis of impediments to fair

Moreover, there is no evidence of disparate treatment. Nothing in the record suggests that the terms of the operative conservation easement agreement (which was extensively negotiated by McCulloch's husband) were more onerous than those negotiated with non-minority developers, or that the Town's refusal to provide an interpretation of the agreement after McCulloch commenced this litigation was unusual or remarkable.

As for disparate impact, "[t]o establish a prima facie case under this theory, the plaintiff must show: (1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." Id. at 52-53 (internal quotation marks omitted). The restrictions McCulloch complains of, however, were mostly particular to her subdivision and do not form "a facially neutral *policy or practice*." Id. at 53 (emphasis added). It is therefore impossible to make a "comparison of . . . disparate impact on different groups of people." Id.

McCulloch has also not established a genuine dispute that, under her disparate impact theory, she suffered a personal injury because of her inability to sell her properties to minorities or otherwise. McCulloch therefore fails to show a genuine dispute regarding "the Art. III minima of injury in fact: . . . that as a result of the [Defendants'] actions [McCulloch] has suffered a distinct and palpable injury." Fair Hous. in Huntington Comm., Inc. v. Town of Huntington, N.Y., 316 F.3d 357, 362 (2d Cir. 2003) (internal quotation marks omitted).

2. Equal Protection. "To state a claim for an equal protection violation, appellant[] must allege that a government actor intentionally discriminated against [her] on the basis of race, national origin or gender." Hayden v. Cnty. of Nassau, 180 F.3d 42, 48 (2d Cir. 1999). For the reasons stated above, McCulloch fails to raise a genuine

---

housing choices. McCulloch, however, does not explain how general compliance with the funding certification would have led the Defendants to learn specifically that McCulloch was Hispanic.

4

dispute of material fact regarding intentional discrimination.

3. Injunctive and Declaratory Relief. The district court declined to exercise supplemental jurisdiction over McCulloch's request for: (1) a "Declaratory Judgment that Plaintiff . . . may cut trees in accordance with generally accepted forest conservation practices" under the applicable conservation easement agreement, (2) a "Declaratory Judgment that the [conservation easement agreement] is invalid"; and (3) an injunction enjoining Defendants from enforcing the agreement. Am. Compl. at 39-41, McCulloch v. Town of Milan, No. 1:07-cv-09780-LAP (S.D.N.Y. Jan. 25, 2008), ECF No. 32; see also Mot. for Permanent Inj., McCulloch, No. 1:07-cv-09780-LAP, ECF No. 42.

"The district courts may decline to exercise supplemental jurisdiction over a claim" if (1) "the claim raises a novel or complex issue of State law," (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Subject to some limitations, "the decision whether to decline to exercise supplemental jurisdiction is 'purely discretionary' . . . ." Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 437 (2d Cir. 2011) (quoting Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009)), petition for cert. filed, 81 U.S.L.W. 3277 (U.S. Nov. 12, 2012) (No. 12-604).

The district court did not abuse discretion by declining to interpret a conservation easement agreement governed by state law. McCulloch's claims for injunctive and declaratory relief were redundant of her FHA claims, on which the district court properly granted summary judgment to the Defendants.

4. Motion to Amend Complaint. McCulloch moved for leave to amend her complaint to add a retaliation claim premised on the Defendants' alleged statement, made during settlement discussions, that the Town would not provide an

interpretation of the conservation easement agreement until McCulloch dismissed her lawsuit.  She also sought to add a cause of action under the New York State Human Rights Law, N.Y. Exec. Law § 290, <u>et seq.</u>  "The standard for reviewing the denial of a motion to amend a complaint is abuse of discretion . . . ."  <u>Sista v. CDC Ixis N. Am., Inc.</u>, 445 F.3d 161, 177 (2d Cir. 2006) (internal quotation marks omitted).

The district court did not abuse discretion in denying leave to amend.  The motion was filed 18 months after the conference at which the alleged statement was made.  Discovery was near a close.  "The court . . . has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery."  <u>Grace v. Rosenstock</u>, 228 F.3d 40, 53-54 (2d Cir. 2000) (citations and internal quotation marks omitted).

We have considered all of McCulloch's remaining arguments and conclude that they are without merit.  The judgment and orders of the district court are hereby affirmed.

          FOR THE COURT:
          CATHERINE O'HAGAN WOLFE, CLERK