NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BALUBHAI G. PATEL, Individually and as Trustee of the BALUBHAI G. PATEL REVOCABLE TRUST dated 3/14/07,

        Plaintiff - Appellant,

  v.

CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES HOUSING DEPARTMENT,

        Defendants - Appellees.

No. 14-56581

D.C. No. 2:13-cv-09358-SVW-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 6, 2016[**]
Pasadena, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD, MELLOY***, and HURWITZ, Circuit Judges.

Balubhai Patel appeals the district court's Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 claim alleging that the City of Los Angeles violated his constitutional rights by placing the Lafayette Hotel, which he owns, into the Rent Escrow Account Program (REAP).  We affirm.

1.     There was no Fourth Amendment violation.  Placement of the hotel into REAP did not unreasonably interfere with any possessory interest.

2.     There was no violation of Patel's substantive due process rights.  This claim is foreclosed by *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013).

3.     The district court acted within its discretion in concluding that Patel's procedural due process claim was voluntarily dismissed.  Alternatively, placement of the hotel into REAP did not violate Patel's procedural due process rights.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Patel received notice, an opportunity to be heard, and the right to an administrative appeal before his property was placed into REAP.  Moreover, the City's interest in REAP is significant.  *See Sylvia Landfield Trust*, 729 F.3d at 1192.

***     The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

4.    After dismissing every federal claim over which it had original jurisdiction, the district court's decision whether to continue exercising supplemental jurisdiction over Patel's related state law claims was "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The district court did not abuse its discretion in dismissing these related claims, and gave several sound reasons for doing so, including a preference for remanding pendent claims to state court. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

**AFFIRMED**