16-1163-cv
Meyer v. New York State Office of Mental Health

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of March, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

JILL MEYER, M.D.,

                     *Plaintiff-Appellant*,

             v.                                             16-1163-cv

NEW YORK STATE OFFICE OF MENTAL HEALTH,
CREEDMOOR PSYCHIATRIC CENTER, and CATERINA
GRANDI, M.D., Chief of Psychiatry/Chair, Department of
Psychiatry, Creedmoor Psychiatric Center,

                     *Defendants-Appellees*.

_____

Appearing for Appellant:     Alan E. Wolin, Wolin & Wolin, Jericho, NY.

Appearing for Appellee:      Seth M. Rokosky, Assistant Solicitor General, Barbara D.
                             Underwood, Solicitor General, Anish S. Dasgupta, Deputy
                             Solicitor General, *for* Eric T. Schneiderman, Attorney General of
                             the State of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Jill Meyer, M.D. appeals from the March 29, 2016 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*), granting summary judgment to Defendants-Appellees New York State Office of Mental Health, Creedmoor Psychiatric Center ("Creedmoor"), and Caterina Grandi, M.D., with respect to Meyer's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and dismissing without prejudice her remaining state law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews a district court's grant of summary judgment de novo, "construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016) (citation omitted).

Under Title VII, it is unlawful for an employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual" because of that person's protected characteristics, including sex or religion. 42 U.S.C. § 2000e-2(a)(1). "Claims of sex-based [or religion-based] discrimination under Title VII and the NYHRL are analyzed using the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74-75 (2d Cir. 2016) (parallel citations omitted).

Under that framework, a plaintiff must first establish a prima facie case of discrimination by showing that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (citing *McDonnell Douglas*, 411 U.S. at 802). If the plaintiff successfully establishes a prima facie case, "a presumption arises that more likely than not the adverse conduct was based on the consideration of impermissible factors." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (citation omitted). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the adverse employment action." *Walsh*, 828 F.3d at 75 (internal quotation marks and citation omitted). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason 'was in fact pretext' for discrimination." *Vega*, 801 F.3d at 83 (citation omitted). At this stage, "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Walsh*, 828 F.3d at 75 (citation omitted).

With respect to Meyer's Title VII gender discrimination claim, the district court found that Meyer failed to establish the fourth element of her prima facie case—that the circumstances give rise to an inference of discrimination. Although "[t]he burden of establishing a prima facie

case is not onerous, and has been frequently described as minimal," *Walsh*, 828 F.3d at 75 (citation omitted), she nevertheless failed to meet that burden. Meyer relied exclusively on conclusory statements that she felt discriminated against on the basis of her gender. She does not allege that Grandi made statements about her gender during her employment at Creedmoor or during the 2011 interview. Yet, "conclusory statements, conjecture, or speculation are inadequate to defeat a motion for summary judgment." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 85 (2d Cir. 2005) (internal quotation marks and citation omitted).

Even assuming arguendo that Meyer made a prima facie case of gender discrimination, we may affirm because Defendants-Appellees offered legitimate, nondiscriminatory reasons for not re-hiring Meyer and Meyer did not provide sufficient evidence to demonstrate that Defendants-Appellees' actions were pretextual. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63-64 (2d Cir. 1997) ("It is beyond cavil that an appellate court may affirm the judgment of the district court on any ground appearing in the record."); *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997) ("[T]he creation of a genuine issue of fact with respect to pretext alone is not sufficient. There must also be evidence that would permit a rational factfinder to infer that the discharge was actually motivated, in whole or in part, by discrimination."). Defendants-Appellees offered sufficient proof that Creedmoor filled the two open positions with candidates that were more qualified than Meyer. Also, Meyer's prior performance at Creedmoor—which included complaints that she "was extremely disorganized[,] . . . could not keep track of appointments with patients," and filed untimely paperwork— provided Defendants-Appellees with a second legitimate, non-discriminatory reason not to re-hire her. App'x at 189; *see Gregory v. Daly*, 243 F.3d 687, 696 (2d Cir. 2001) ("An employer's dissatisfaction with even a qualified employee's performance may, of course, ultimately provide a legitimate, non-discriminatory reason for the employer's adverse action."). Meyer failed to show that these legitimate, nondiscriminatory reasons underlying Defendants-Appellees' decision not to re-hire her were mere pretext.

With respect to Meyer's Title VII religious discrimination claim, the district court found that Meyer failed to carry her burden of providing sufficient evidence that Defendants-Appellees' decision was mere pretext for religious discrimination.

Meyer relied on several items of evidence in an effort to prove that Defendants-Appellees' decision not to re-hire her was based, in whole or in part, on discriminatory animus based on Meyer's religion. First, Grandi deviated from normal interview practices to extend Meyer an interview when she did not intend to hire her. Although deviations from normal hiring practices can be evidence of discriminatory animus, *see, e.g.*, *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 314 (2d Cir. 1997), that Grandi deviated in a manner to benefit Meyer (by extending her an interview) is at best weak evidence of discrimination. Second, Grandi told Meyer that she was an "excellent candidate" during Meyer's 2011 interview, but "look[ed] further" and hired someone else. App'x at 113. This statement does not provide evidence of discriminatory animus as it is consistent with Defendants-Appellees hiring better-qualified candidates. Third, Meyer asserted that "there were no other female Jewish older psychiatrists" at Creedmoor and that Creedmoor had a "flavor of anti-Semitism." App'x at 121, 281. The district court properly rejected Meyer's attempt to prove a claim of disparate treatment where she failed

3

to identify comparators outside her protected class who were "similarly situated in all material respects" to Meyer, but treated more favorably. *See Shumway*, 118 F.3d at 63-64.

Meyer was able to point to a statement by Grandi during her 2011 interview, in which Grandi made a "reference in passing about [Meyer] coming from a Jewish family" but Meyer could not provide any "specifics." App'x at 264. The district court found, and we agree, that Grandi's alleged statement about Meyer's religion during the 2011 interview was the only evidence that the Defendants-Appellants' decision not to re-hire Meyer was based on religious discrimination. We also agree that that statement alone was insufficient here to satisfy Meyer's burden.

After the district court granted summary judgment for Defendants-Appellees on Meyer's federal claims, it declined to exercise supplemental jurisdiction over Meyer's remaining state law claims and dismissed Meyer's state law claims without prejudice. We review the district court's determination to decline supplemental jurisdiction for abuse of discretion. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Meyer's remaining state law claims and dismissing those claims without prejudice. After the district court dismissed the Title VII claims, the claims over which it had original jurisdiction, its exercise of supplemental jurisdiction would arguably not promote judicial economy, convenience, fairness, or comity. *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013).

We have considered the remainder of Meyer's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk