**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 26, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2332

| | |
|---|---|
| DAWN DELEBREAU, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CV-1221 |
| CRISTINA DANFORTH, et al., *Defendants-Appellees*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Dawn Delebreau was fired from the Oneida Housing Authority after she reported that her coworkers misappropriated a grant from the Department of Housing and Urban Development (HUD). She sued her supervisors (employees of the Oneida Tribe) in their personal capacities. The district judge determined that Delebreau failed

---

[*] Defendant Jay Fuss was served, but he did not participate in the district court and is not participating in this appeal. "Christina" Danforth is listed as one of the defendants in the complaint, but she tells us that her name is "Cristina," so we have reformed the caption. Finally, we have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

to plead a claim under federal law and dismissed the suit. Because the law that she principally invokes does not apply (it became effective after the relevant events, and it does not cover the defendants whom Delebreau has sued), we affirm.

We treat Delebreau's allegations as true and draw reasonable inferences in her favor. *Richards v. Kiernan*, 461 F.3d 880, 882 (7th Cir. 2006). Delebreau worked full time for the Oneida Housing Authority as an administrative assistant. In January 2013, she discovered requisitions and invoices showing that funds from HUD were allocated to a coworker's house, which was outside the scope of the grant. Delebreau reported her discovery to a purchasing director. She then met with the Oneida treasurer and an auditor about what she had uncovered.

After reporting her discovery, Delebreau experienced several problems at work and at home. First, she was reassigned to a limited-term position as an insurance clerk. Delebreau was later told that Oneida had transferred her to maintain "the integrity of the … investigation" and to avoid "draw[ing] attention to the case." After the transfer, the director of human resources told Delebreau that she was not liked at her new position because she was a whistleblower. Second, the superintendent of the housing authority, Delebreau alleges, orchestrated the beating of her son. Third, Onieda eventually fired Delebreau from her term position. (Though she was briefly reinstated, she was reassigned again and fired within the year.)

Delebreau responded by suing various employees of the housing authority, but only in their personal capacities. Considering a variety of potential legal theories, the district judge granted the defendants' motion to dismiss. As relevant to this appeal, he considered the National Defense Authorization Act, 41 U.S.C. § 4712, which protects from retaliation employees who report the misuse of federal funds, and he concluded that Delebreau did not state a claim because she had not exhausted her administrative remedies. He also ruled that she did not state a claim under 42 U.S.C. § 1983 because it does not cover acts under color of tribal law. The judge then dismissed the suit for lack of subject-matter jurisdiction.

On appeal, Delebreau maintains that she stated a claim for relief under section 4712. We will bypass the issue of exhaustion. (Exhaustion is an affirmative defense that generally need not be pleaded. *Jones v. Bock*, 549 U.S. 199, 212 (2007). And Delebreau responded to the defendants' motion to dismiss by asserting that she *had* exhausted her administrative remedies.) Nonetheless, as the participating defendants correctly point out, Delebreau has pleaded herself out of court on this claim. Section 4712 was enacted on January 2, 2013 and took effect 180 days later—July 1, 2013;

by its terms, it does not apply to contracts awarded before that date unless they were modified to incorporate this new law. See PL 112-239, § 828(b)(1)(C). Delebreau alleges that she reported the misappropriation of a grant in January 2013, so the grant necessarily was awarded *before* July 1, 2013. Nor is there any suggestion that the grant references or incorporates section 4712. Thus, the statute does not apply.

Even if we assumed that section 4712 applied here, Delebreau still would have failed to state a claim under it. The statute prohibits reprisals by an *employer*—those who can "discharge[], demote[], or otherwise discriminate[]"—against employees who disclose an employer's misconduct. Here is the full text:

> An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing … information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a)(1). The Oneida Housing Authority is Delebreau's employer, but she has sued only its employees in their personal capacities. The statute does not reach them because in their *personal* capacities they cannot discharge, demote, or discriminate in employment. This is how we have read the comparable text of the False Claim Act's antiretaliation provision, 31 U.S.C. § 3730(h). It also provides that workers may not be "discriminated against" for whistleblowing, and we have said that this "statute has long prevented *employers* from terminating employment." *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 847 (7th Cir. 2012) (emphasis added). Relying on *Federal Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99, 116 (1960), Delebreau replies that section 4712 is a law of "general applicability." But even a law of general applicability does not apply if, as here, it does not permit a suit against the named defendants. See *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 827 (7th Cir. 2016).

We reach a similar conclusion about 41 U.S.C § 4705. Before section 4712 became effective, section 4705 similarly prohibited employees of "contractors" from being "discharged, demoted, or otherwise discriminated against" for disclosing substantial legal violations related to a contract. *Id.* at § 4705(b), (f). But unlike section 4712, the

predecessor law does not authorize a private right to sue. Thus, Delebreau cannot state a claim under this law.

Delebreau next challenges the dismissal of her claims under 42 U.S.C. § 1983. Section 1983 covers those acting "under color of [law of] any State or Territory or the District of Columbia" for depriving federal rights. 42 U.S.C. § 1983; *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Delebreau says that the district judge wrongly concluded that section 1983 does not apply to those acting under color of tribal law. She argues that the cases that he relied on—*Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006), and *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983)—are distinguishable because the parties in those cases were not members of the *Oneida* Tribe. But those decisions reason that section 1983 does not extend to suits against people acting under color of *any* tribal law. As the *R.J. Williams* court explained, because the purpose section 1983 is to enforce the Fourteenth Amendment, and Indian tribes are "distinct sovereignties" not addressed by that Amendment, they are beyond the statute's reach. See 719 F.2d at 982. Nothing in the text of statute contradicts this conclusion. Thus, Delebreau's specific tribal affiliation does not affect the analysis.

Delebreau last argues that she stated a civil claim under the criminal-law provisions of 18 U.S.C. §§ 1512 and 1513. She contends that because the defendants intimidated her and retaliated against her for cooperating with investigators exploring the possible misuse of funds, the defendants may be criminally liable. But precisely because these are criminal statutes, they do not provide a basis for civil liability.

We address one final matter. After determining that Delebreau failed to state a claim under federal law, the district judge did not assess whether she stated a claim under state law, and instead, he dismissed the suit for lack of subject-matter jurisdiction. Though Delebreau did not state a valid federal-law claim, she pleaded enough to engage federal-question jurisdiction under 28 U.S.C. § 1331. See *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513–16 (2006); *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820–21 (7th Cir. 2009). The judge thus had discretion to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(a); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640–41 (2009). We read the judge's order as ruling that Delebreau failed to state a federal-law claim (a ruling with prejudice) and as declining to exercise supplemental jurisdiction over any potential state-law claims (a ruling without prejudice). See 28 U.S.C. § 1367(c)(3). So understood, we see no error in the former ruling, and no abuse of discretion in the latter. *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1041 (7th Cir. 2018).

We have considered Delebreau's remaining arguments, and none has merit.

AFFIRMED