## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 8, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3424

| | |
|---|---|
| RONALD R. SHEA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Western Division. |
| *v.* | No. 12 C 50201 |
| DOUGLAS KOEHLER, et al., | Philip G. Reinhard, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

This is the second appeal in proceedings that arose out of an altercation between Ronald Shea and family members. In a prior order, we sorted out a sprawling assortment of claims—upholding the dismissal of Shea's federal claims and some state-law claims but vacating the dismissal of other state-law claims and remanding for further proceedings. *Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541 (7th Cir.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

2018). On remand, the district court concluded that it lacked diversity jurisdiction and relinquished supplemental jurisdiction over the remaining state-law claims. In this appeal, Shea concedes that diversity jurisdiction is absent but contends that the absence requires vacating the entire judgment. We affirm.

As he alleged in his operative complaint, Shea moved in with his elderly mother in Roscoe, Illinois, to prevent his sister and her husband from seizing her estate. Shortly afterwards, the sister and brother-in-law violently kicked him out and then falsely reported him to the police for battery. Shea sued the couple and several other defendants, asserting mostly state-law tort claims but also several federal claims, including claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Racketeer Influenced and Corrupt Organizations Act. The district court dismissed all claims except a state-law claim for battery against his sister. A jury trial was held on that claim, and the jury found against Shea. On appeal, we upheld the dismissal of certain claims but determined that several state-law claims (civil conspiracy, assault, false imprisonment, battery, and malicious prosecution) should not have been dismissed. *Shea*, 746 F. App'x at 547–50. But we questioned the district court's diversity jurisdiction, so we remanded with instructions for the court to examine whether diversity jurisdiction existed and, if it didn't, to consider relinquishing supplemental jurisdiction. *Id.* at 550.

The district judge adopted a magistrate judge's recommendation that diversity jurisdiction was lacking and relinquished supplemental jurisdiction over the remaining state-law claims, which he dismissed without prejudice. The judge concluded that Shea had established permanent domicile at his mother's house in Illinois in November 2011 and that he had not shown a physical presence and intent to remain in the two other states where he had ties—California and Nevada—at the time he filed his complaint. And given that Shea's federal statutory claims already had been dismissed, the judge decided to follow the general presumption that a district court in that situation will relinquish jurisdiction over remaining state-law claims.

On appeal, Shea now argues that the absence of diversity jurisdiction requires vacating all prior decisions in the proceedings—the dismissal with prejudice of some of his state-law claims and the entry of judgment on the jury's verdict against him. If we construe his brief generously, he argues that once the district court dismissed his federal claims, it abused its discretion by not relinquishing jurisdiction over his state-law claims. By proceeding to dismiss some of his state-law claims and enter judgment on

the jury's verdict, the court, he says, produced disfavored "piecemeal adjudication" that offends principles of comity.

Shea waived this argument, however, by failing to raise it in the district court. *See Duncan Place Owners Ass'n v. Danze, Inc.*, 927 F.3d 970, 974 (7th Cir. 2019). In any event, a court's decision whether to exercise supplemental jurisdiction over state-law claims after dismissing all federal claims is "purely discretionary." *See* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction) (emphasis added); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citing cases). Although a district court may relinquish supplemental jurisdiction after all federal claims have been dismissed, "it is not required to do so." *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (citation omitted). Further, given the substantial resources the court invested in Shea's case (spanning two years and 150 docket entries) before it dismissed his federal claims, the district court's decision to retain supplemental jurisdiction was permissible and "does not justify forcing the litigants to start from scratch in state court." *See Myers v. Cty. of Lake, Ind.*, 30 F.3d 847, 849–50 (7th Cir. 1994).

AFFIRMED