**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1446
_____

RACQUEL LEWIS,
                                        Appellant

v.

DMH INVESTMENTS, LLC & CITY OF PHILADELPHIA
OFFICE OF HOMELESS SERVICES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-03207)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Dismissal for Lack of Jurisdiction,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 25, 2023
Before:  JORDAN, CHUNG, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 7, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Raquel Lewis appeals pro se from the District Court's dismissal with prejudice of her complaint against Defendant the City of Philadelphia Office of Homeless Services (OHS)[1] and its remand to state court of her remaining state law claims. Her complaint alleged a federal claim against OHS pursuant to 42 U.S.C. § 1983, and additional state law claims against OHS and Defendant DMH Investments, LLC (DMH).

We have jurisdiction to review the appeal under 28 U.S.C. § 1291.[2] We may summarily affirm a District Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). For the reasons that follow, we will summarily affirm.[3]

Lewis's claims against OHS relate to the time period during which she and her minor child were residents of a homeless shelter associated with OHS. Lewis's complaint broadly alleges that OHS committed numerous violations of federal statutes, contrary to her constitutional rights, and that OHS was negligent and retaliatory. Lewis's claims against DMH relate to the actions of its employees during the time in which Lewis

---

[1] Lewis filed her complaint in state court and OHS removed the matter to federal court.
[2] Given the District Court's partial remand order, our Clerk notified the parties that we may lack jurisdiction. See 28 U.S.C. § 1447(c) and (d); Fed. R. Civ. P. 54(b). We exercise jurisdiction because the District Court resolved Lewis's federal claims and remanded to state court after declining to exercise supplemental jurisdiction, not because it lacked subject matter jurisdiction. See 28 U.S.C. § 1367(c)(3); Carlsbad Tech., Inc. v. HIF Bio. Inc., 556 U.S. 635, 641 (2009).
[3] Our review of the District Court's order is plenary. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir.1998). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

rented an apartment it managed; Lewis asserts that DMH violated her lease agreement and her privacy and was negligent in trying to enter her apartment while her minor child was home alone. Viewing her complaint in the light most favorable to it and accepting all its well-pleaded allegations as true, the scant factual allegations provided are not sufficient to plausibly support Lewis's conclusory claims for relief against OHS. See Bell Atl. Corp., 550 U.S. at 570; Ashcroft, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A complaint, such as that here, that solely "tenders naked assertion[s] devoid of further factual enhancement," cannot survive a motion to dismiss under Rule 12(b)(6). Id. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (2008) (noting that the factual allegations in the complaint must not be "so undeveloped that it does not provide a defendant the type of notice of claim" which is required by the federal rules). Thus, the District Court properly dismissed with prejudice Lewis's complaint against OHS.[4]

As Lewis's federal claims against OHS were properly dismissed, it was likewise proper for the District Court to decline to exercise supplemental jurisdiction over her remaining state law claims. See 28 U.S.C. § 1367(c)(3). This Court reviews the district court's decision to exercise or not to exercise supplemental jurisdiction for an abuse of

_____

[4] Lewis did not respond to the motion to dismiss filed by OHS or otherwise provide any indication that providing her with an opportunity to amend her complaint would not be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (concluding that, prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend her pleading to cure the defect unless such an amendment would be futile or prejudicial).

3

discretion. In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (1999). Section 1367(c)(3) expressly permits the district court to decline supplemental jurisdiction in the event, as was the case here, the federal claims are resolved. In addition, the District Court noted that, other than OHS's motion to dismiss, the matter had not proceeded in the federal forum, Lewis did not appear to be engaged in forum-shopping, and that her remaining claims involved interpretation of state tort law. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (noting that § 1367(c) "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" (internal quotation marks and citation omitted)). We discern no abuse of discretion in the District Court's conclusion that the state court was the most appropriate forum for Lewis's remaining claims.

For the foregoing reasons, the appeal does not present a substantial question. We will summarily affirm the District Court's order.