# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30150
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2025

Lyle W. Cayce
Clerk

PHILLIP TAYLOR,

*Plaintiff—Appellee*,

*versus*

SOUTH LA CONTRACTORS L.L.C.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-217

———————————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Following a bench trial, the district court found Defendant South LA Contractors liable under the Louisiana Wage Payment Act ("LWPA") for failing to timely pay Plaintiff Phillip Taylor his wages and for wholly failing to pay him for his accrued vacation time. South LA appeals, arguing that the

—————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court lacked jurisdiction and that Taylor failed to prove that he was entitled to compensation for unused vacation time.

"After a bench trial, we review findings of fact for clear error and legal conclusions de novo." *U.S. Dep't of Lab. v. Five Star Automatic Fire Prot., L.L.C.*, 987 F.3d 436, 441 (5th Cir. 2021). "No clear error exists if the factual findings are plausible in light of the record as a whole. In other words, we will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed." *United States v. Lima-Rivero*, 971 F.3d 518, 520 (5th Cir. 2020) (citation modified).

South LA contends that the district court lacked subject-matter jurisdiction because Taylor failed to show that South LA was an "enterprise" under the Fair Labor Standards Act ("FLSA")—the statute Taylor relies on to establish federal-question jurisdiction. *See generally* 29 U.S.C. § 203(s)(1)(A). However, "29 U.S.C. § 203(s)(1)(A) is nonjurisdictional," meaning it is only an "element of the FLSA." *Biziko v. Van Horne*, 981 F.3d 418, 421 (5th Cir. 2020). Accordingly, the court's jurisdiction was not dependent on whether Taylor proved that South LA was an "enterprise." And even though the court determined that the federal FLSA claim was not meritorious, it still had jurisdiction to consider the state LWPA claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

South LA's LWPA argument—that the court erred in finding that Taylor was entitled to vacation pay—also fails. Although the parties provided conflicting testimony as to whether Taylor was promised vacation, the court found that Taylor's testimony, coupled with a text from South LA's owner saying "[f]irst off 3 weeks vacation it applies after a year don't make this

wors[e] than it's got to be," established by a preponderance of the evidence that Taylor was owed vacation pay. Neither this finding, nor the court's finding that South LA acted arbitrarily in failing to provide vacation pay, were clearly erroneous. *See generally Henderson v. Kentwood Spring Water, Inc.*, 583 So.2d 1227, 1232 (La. Ct. App. 1991) ("[I]t is only a good-faith, non-arbitrary defense to liability for unpaid wages which will permit the courts to excuse the employer from the imposition of penalty wages.").

For these reasons, the judgment of the district court is AFFIRMED.