[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17564
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00313-MHH

AUSTIN BURDICK,

Plaintiff-Appellant,

versus

JUSTICE ANTHONY M. KENNEDY,
an individual,
JUSTICE STEPHEN G. BREYER,
an individual,
JUSTICE RUTH BADER GINSBURG,
an individual,
JUSTICE SONIA SOTOMAYOR,
an individual,
JUSTICE ELENA KAGAN,
an individual, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 28, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Attorney Austin Burdick appeals the district court's dismissal of his pro se Fifth Amendment Bivens[1] action and claims for breach of contract and breach of fiduciary duty. He filed this suit against Supreme Court Justices Anthony Kennedy, Stephen Breyer, Ruth Bader Ginsburg, Sonia Sotomayor, and Elena Kagan, five United States Supreme Court Justices who Burdick claims have issued a judicial decision, Obergefell v. Hodges, 135 S. Ct. 2584 (2015), in violation of their oath of office and to the detriment of the plaintiff. On appeal, Burdick first argues that the district court erred by sua sponte dismissing his claims for lack of standing. He claims that he suffered a concrete injury when the Justices "rendered the Constitution a nullity" in Obergefell, preventing him from making certain arguments to "protect his clients' constitutional rights" and depriving him of his interest in his law license. In the alternative, Burdick argues that the district court erred by dismissing his claims on the independent grounds of judicial immunity and failure to state a plausible claim. After thorough review, we affirm.

We review de novo a dismissal for lack of standing. Scott v. Taylor, 470 F.3d 1014, 1017 (11th Cir. 2006). We review factual findings underlying a standing determination for clear error. Am. Civil Liberties Union of Fla., Inc. v.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

Miami-Dade Cty. Sch. Bd., 557 F.3d 1177, 1195 (11th Cir. 2009).  Although a complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render a claim "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The party invoking federal jurisdiction bears the burden of establishing standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  The "irreducible constitutional minimum of standing" comprises three elements: injury-in-fact, causation, and redressability.  Id. at 560–61.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . . "  Id. at 561.  To establish injury-in-fact, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (quotations omitted).  For an injury to be "concrete," it must be "real, and not abstract."  Id. (quotations omitted).  For an injury to be "imminent," "the anticipated injury [must] occur with[in] some fixed period of time in the future."  Am. Civil Liberties Union of Fla., 557 F.3d at 1193 (quotations omitted, second alteration in original).  A "legally cognizable injury requires infringement of an interest protected by statute or otherwise."  Primera

3

Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty., 450 F.3d 1295, 1304 (11th Cir. 2006) (quotation and alteration omitted). "That interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right." Id. (quotation omitted). Indeed, standing requires "personal injury suffered by [a party] as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees." Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 486 (1982) (quotation and citation omitted). "[S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy." Id.

Here, the district court correctly concluded that Burdick has not articulated an injury-in-fact sufficient for standing. Burdick, a lawyer practicing law primarily in the Northern District of Alabama, claimed in his complaint that his practice of law is primarily focused on the protection of basic constitutional rights of United States citizens. He alleged that through the majority opinion in Obergefell v. Hodges, 135 S. Ct. 2584 (2015), the five United States Supreme Court justices named in the complaint "rendered the Constitution a nullity, [and] deprived [him] of a property right interest in his law license." He has said little else to explain the effect of the ruling on his interests. At a hearing before the district court, Burdick argued that his law license has "been severely crippled" by the decision, he "can't

4

use [his law license] for its full intended purpose[,]" and he would enjoy legal practice less because he could no longer argue that "the 14th Amendment protects [his] clients against state action . . . ."   On appeal, Burdick reiterates that he suffered a concrete injury because the Justices "rendered the Constitution a nullity" in Obergefell by preventing him from making certain arguments to "protect his clients' constitutional rights" and therefore depriving him of his "property right interest in his law license[,]" "all income that he would have received had the Constitution not been destroyed[,]" and the enjoyment he derives "from utilizing his law license . . . [to] protect[] the constitutional rights of [his] clients."

Burdick has not said nearly enough to state an injury resulting from the Obergefell decision.  In Obergefell, 135 S. Ct. 2584, the Supreme Court held that same-sex couples may exercise the fundamental right to marry in all states.  With nothing more to go on than these bald allegations, we are left entirely to guess what his clients' interests are, and how they will be implicated by the decision in Obergefell.  All he tells us is his clients have constitutional rights that have been "destroyed" by Obergefell.  On this record, we cannot say that the district court erred -- much less "belittle[d]" Burdick's claim -- by concluding that Burdick's general proposition that he anticipates he will lose arguments that are based on legal theories that the Supreme Court rejected in Obergefell does not implicate a "legally protected interest."    Indeed, at the hearing before the district court,

5

Burdick acknowledged that he has not lost his law license, and his participation throughout this case has revealed that he is still able to practice law and make arguments in the federal courts. His only complaint, it seems, is that the arguments he makes on behalf of his clients will not be successful in light of Obergefell. But because there is no constitutional provision, statute, or other authority to suggest that a court must accept a party's arguments, a lawyer has no legally protected interest in winning those arguments. Cf. United States v. S. Fla. Water Mgmt. Dist., 922 F.2d 704, 711 (11th Cir. 1991) (noting in Rule 24 intervention context that, if a railroad defendant is "free to suspend its service," the economic interest of the intervenor factory relying on the railroad would not be "legally protectable"); cf. also Hensley v. Eckerhart, 461 U.S. 424, 449 (1983) (Brennan, J., concurring in part and dissenting in part) ("[A]ttorneys can never be 100% certain they will win even the best case."). Without any legally protected interest in winning his legal arguments, Burdick has failed to identify an injury-in-fact.

And even if Burdick had a legally protected interest in winning his constitutional arguments -- and plainly he did not -- the district court did not err in concluding that Burdick's allegations are "vague," "abstract assertion[s]" that were insufficient to establish a concrete injury. Burdick's complaint identifies no specific legal argument he has lost or will imminently lose as a result of Obergefell. Nor does it identify any factual basis for his allegation that Obergefell

will cause him to lose income. Burdick's abstract allegations simply do not demonstrate any actual or imminent concrete injury. See Elend v. Basham, 471 F.3d 1199, 1206–09 (11th Cir. 2006) (holding that, without details about when, where, and how future protests would occur, general allegations regarding secret service's policy of restricting protestors to protest zones and plaintiffs' intent to attend future protests were insufficient to demonstrate an imminent, concrete injury); see also City of Los Angeles v. Lyons, 461 U.S. 95, 105–06 (1983) (holding that plaintiff lacked standing where alleged threat from police chokehold was conditional). Accordingly, the district court did not err by dismissing Burdick's claims for lack of standing.

Because we affirm the district court's dismissal for lack of a justiciable case or controversy, we have no occasion to address the district court's other grounds for dismissal.

**AFFIRMED**.

7