**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SCOTT BIRDWELL,

    Plaintiff - Appellant,

v.

STANLEY GLANZ, in his personal
capacity; VIC REGALADO, Sheriff
of Tulsa County, in his official
capacity; BOARD OF COUNTY
COMMISSIONERS OF TULSA
COUNTY; ARMOR
CORRECTIONAL HEALTH
SERVICES, INC.; NURSE
CUNNINGHAM; JOHN
ABRAHAM, M.D.,

    Defendants - Appellees.

No. 19-5031
(D.C. No. 4:15-CV-00304-TCK-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BACHARACH**, Circuit
Judges.

_____

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal requires us to address the federal courts' exercise of supplemental jurisdiction over a state-law claim against Armor Correctional Health Services, Inc. The claim had grown out of a dispute involving Armor's medical care to Mr. Scott Birdwell while housed at the Tulsa County Jail.

The jail's inmates obtained medical care from Armor under a contract. Mr. Birdwell was housed at the jail, and he needed medical care for a cut over his eye. When Armor's medical staff sutured the cut and removed the sutures, complications arose. According to Mr. Birdwell, these complications led to eye pain and vision problems. He then sued in federal court.

In this suit, Mr. Birdwell brought federal and state causes of action. The district court granted summary judgment to the defendants on the federal claims. Despite terminating the federal claims, the district court exercised supplemental jurisdiction over the state-law claim and held that Armor and the medical professionals are "employees" who are immune from tort liability under the Oklahoma Governmental Tort Claims Act. *See* Okla. Stat. tit. 51 § 152.1(A); *see also id.* §§ 152(7), 152(14), 155(25). For this holding, the district court relied on *Barrios v. Haskell County Public Facilities Authority*, 432 P.3d 233 (Okla. 2018), a recent opinion by the Oklahoma Supreme Court. *Barrios* contains a footnote that assumes without deciding that an entity is an "employee" under the Oklahoma

2

Governmental Tort Claims Act when agreeing to provide medical services for inmates and staff. 432 P.3d at 236 n.5.

On appeal, Mr. Birdwell does not challenge the grant of summary judgment to the defendants on the federal claims or the grant of summary judgment to the medical professionals on the state-law claim. He instead argues only that Armor is not an "employee" entitled to immunity under the Oklahoma Governmental Tort Claims Act. This issue is best left for the Oklahoma courts to decide.

The exercise of supplemental jurisdiction is discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In exercising this discretion, federal courts should consider comity, convenience, economy, and fairness. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see* 28 U.S.C. § 1367(c). When the federal claims disappear early in the litigation, a federal court should generally decline to exercise supplemental jurisdiction. *Carnegie-Mellon Univ.*, 484 U.S. at 350.

When defendants properly obtain summary judgment on all federal claims, "we have declined to exercise our supplemental jurisdiction over issues of state law, and instead, when in the interests of comity and justice, remanded with instructions to dismiss." *Estate of Reat v. Rodriguez*, 824 F.3d 960, 967 (10th Cir. 2016). In *Merrifield v. Board of County Commissioners*, 654 F.3d 1073 (10th Cir. 2011), for example, we declined to decide a state-law issue because (1) the state-law claim was "novel" and

(2) we had "affirmed the dismissal of the claims over which the district court had original jurisdiction." 654 F.3d at 1085–86. We thus reversed the district court's judgment on the state-law claim and "remand[ed] with instructions to dismiss the claim without prejudice." *Id.* at 1086; *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (same); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (same).

Because Mr. Birdwell does not appeal the grant of summary judgment on the federal causes of action, all of the claims triggering original jurisdiction are gone. All that's left is an undecided issue of state law, involving interpretation of an assumption stated in a footnote to a recent opinion of the Oklahoma Supreme Court. Given the novelty of this issue, we conclude that the interest in comity predominates and should have led the district court to decline supplemental jurisdiction over the state-law claim against Armor. *See, e.g.*, *Merrifield*, 654 F.3d at 1086 ("[T]he interest in comity—leaving to the states to decide novel questions of state-law—clearly predominates here."); *Ball*, 54 F.3d at 669 ("Where a state law cause of action is thus in a process of current evolution, it is particularly appropriate for the federal courts to leave the continuing development and application of that cause of action to the state courts.").

4

We thus reverse and remand with instructions to dismiss the state-law claim asserted against Armor without prejudice.

Entered for the Court


Robert E. Bacharach
Circuit Judge