**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RICHARD H. WARREN, | No. 20-35865 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01413-RSL |
| v. | |
| ADELAIDE O. HORNE, Health Service Provider, Monroe Correctional Complex - Twin Rivers Unit; BELINDA STEWART; MICHAEL S. HATHAWAY, CPM, Monroe Correctional Complex - Twin Rivers Unit; MARY A. GUMBO, Health Service Provider, Monroe Correctional Complex - Twin Rivers Unit; JEFFERY E. FLICK, CUS (D-Unit), Monroe Correctional Complex - Twin Rivers Unit; STEVEN M. SAGER, Counselor (D-Unit), Monroe Correctional Complex - Twin Rivers Unit; SARAH E. LANDIS, Health Service Provider, Coyote Ridge Corrections Center, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 16, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges.

Washington prisoner Richard H. Warren appeals pro se from the district court's judgment in favor of Washington State Department of Corrections ("DOC") medical professionals and officials on Warren's 42 U.S.C. § 1983 claims and its decision not to exercise supplemental jurisdiction over his state law claims. We affirm.

The district court properly granted summary judgment for the DOC Medical Professionals (defendants Horne, Gumbo, and Landis) on Warren's Eighth Amendment deliberate indifference claims. *See Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1056–57 (9th Cir. 2004). The record does not reveal any undue delay in Warren's receipt of treatment for his back problems; moreover, the treatment he received was medically acceptable under the circumstances. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002); *Toguchi*, 391 F.3d at 1058; *see also Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(per curiam).  Thus, Warren has not shown that the DOC Medical Professionals' actions posed a substantial risk to his health and safety, or that those actions were taken in conscious disregard of such a risk.  *See Toguchi*, 391 F.3d at 1057.

The district court properly granted summary judgment for the DOC Officials (defendants Stewart, Flick, Sager, and Hathaway) on Warren's First Amendment free exercise of religion claim and his Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc–2000cc-5, claim.  Warren failed to show personal participation by any of the DOC officials, much less proximate cause, because none was responsible for religious programming at Coyote Ridge Corrections Center.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Summary judgment was also proper in favor of the DOC Officials as to Warren's retaliation claim because he made no showing that his refusal to participate in the Sex Offender Treatment and Assessment Program is protected by the First Amendment.  *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  Moreover, his transfer advanced a legitimate correctional goal.  *McKune v. Lile*, 536 U.S. 24, 37–38, 122 S. Ct. 2017, 2027, 153 L. Ed. 2d 47 (2002) (plurality opinion); *see also Rhodes*, 408 F.3d at 567–68.

The district court did not err in granting summary judgment as to Warren's Fourteenth Amendment equal protection claims.  Nothing in the record suggests

that Warren was transferred because the DOC Officials intended to discriminate against him because of his religion. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Additionally, Warren fails to show that the DOC Medical Professionals treated him differently from others similarly situated. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Finally, the district court properly granted summary judgment for the DOC Officials and Medical Professionals as to Warren's conspiracy claim because his conclusory allegations are insufficient to sustain a claim, much less to establish a genuine issue of material fact for purposes of summary judgment. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam).

Because summary judgment on Warren's federal claims was proper, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–41, 129 S. Ct. 1862, 1866–67, 173 L. Ed. 2d 843 (2009); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 619 n.7, 98 L. Ed. 2d 720 (1988).

**AFFIRMED.**