**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2644
_____

MONIB ZIRVI,
Appellant

v.

ILLUMINA, INC.; AKIN GUMP STRAUSS HAUER & FELD, LLP;
LATHAM & WATKINS; SEAN BOYLE; MATTHEW A. PEARSON;
ANGELA VERRECCHIO; ROGER CHIN; DOUGLAS LUMISH;
RIP FINST; THERMO FISHER SCIENTIFIC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:23-cv-01997)
District Judge: Honorable Madeline C. Arleo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 9, 2025

Before: CHAGARES, *Chief Judge,* PORTER, and ROTH, *Circuit Judges.*

(Filed: October 28, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

Monib Zirvi commenced a malpractice claim against attorneys who he says impliedly formed an attorney-client relationship with him during a patent infringement dispute in which he was a witness. The District Court dismissed Zirvi's claims with prejudice under the doctrine of res judicata and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and denied his motion to amend his complaint. We will affirm.

I

In the 1990s, Zirvi was a researcher at Cornell University. He alleges that he developed a trade secret: a private data set for DNA microchip technology. Thermo Fisher, he says, used that information to develop its own patent. In 2015, Zirvi served as a fact witness for Cornell and Thermo Fisher in a lawsuit against Illumina. During that time, Zirvi says, Thermo Fisher attorneys told him they "represented his interests"; this statement, and other conduct, led him to believe the attorneys were representing him personally. J.A. 4 (citing Compl. ¶¶ 18–19). Cornell's lawsuit ended in a 2017 settlement. Cornell later tried to escape the settlement, and Zirvi alleges its efforts resulted in a second settlement agreement in 2018, which he says he learned about in early 2019.

In 2018, Zirvi sued Illumina, Thermo Fisher, and others with a flurry of federal- and state-law claims in the Southern District of New York, alleging the two companies were in cahoots and had been conducting "a two-decade conspiracy to steal trade secret and intellectual property." *Id.*; *see also Zirvi v. Flatley*, 433 F. Supp. 3d 448 (S.D.N.Y. 2020). Zirvi amended his claim in 2019, but did not reference the second settlement

2

agreement. The Court found Zirvi's claims were barred by the applicable statutes of limitations and dismissed with prejudice. The Second Circuit affirmed, and the Supreme Court denied his petition for certiorari.

Zirvi then filed a new action in the District of New Jersey relitigating the same issues, but with a twist: his suit added a claim of malpractice against Thermo Fisher's counsel. The District Court, however, concluded that all of Zirvi's claims were barred by res judicata, and in the alternative, that he failed to state a claim for relief in accordance with Federal Rule of Civil Procedure 12(b)(6). It dismissed his claims with prejudice and denied his motion for leave to amend his complaint. Zirvi timely appealed.[1]

## II[2]

We need not review the District Court's dismissal under Rule 12(b)(6). "Our review of an application of res judicata is plenary," *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009), and we conclude that the District Court correctly dismissed Zirvi's claim under that doctrine. Res judicata, also called claim preclusion, "promotes judicial economy and protects defendants from having to defend multiple

---

[1] On appeal, Zirvi moved to seal volume III of the appendix. ECF No. 30. The Clerk's Office provisionally held it under seal pending our disposition. ECF No. 35. We now grant the motion.

[2] The District Court had jurisdiction over Zirvi's patent claim under 28 U.S.C. §§ 1331 and 1338(a). It exercised supplemental jurisdiction over his malpractice claim under 28 U.S.C. § 1367(a). On appeal, Zirvi only contests the dismissal of his malpractice claim. We retain authority to review the merits of the malpractice claim under 28 U.S.C. § 1291, the lack of federal-question jurisdiction notwithstanding. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims."); § 1367(c)(3) ("The district courts *may* decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction[.]") (emphasis added).

identical or nearly identical lawsuits by bar[ring] not only claims that were brought in a previous action, but also claims that could have been brought." *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011) (alteration in original) (internal quotation marks omitted).

Res judicata bars litigation of a claim where "there exists (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.*; *see also Vanguard*, 584 F.3d at 172–73 (same). Zirvi asserts without citation or reasoning that there was no final judgment in the New York case, but such a passing jab is forfeited. Fed. R. App. P. 28(a)(8)(A); *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 821 n.10 (3d Cir. 2006). So we turn to his brief contentions on the parties and cause of action.

Zirvi relies on a District of New Jersey case addressing mandatory joinder under New Jersey state law to assert that the Thermo Fisher attorneys are not privies to the parties in the New York case. *Fink v. Ritner*, 2007 WL 9797650 (D.N.J. Mar. 29, 2007). But that is irrelevant, as res judicata is distinct from mandatory joinder, and "[t]he preclusive effect of a federal-court judgment is determined by federal common law," not state law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). And to whatever extent state law informs our application of federal common law to the state law claims in Zirvi's prior action, the relevant state law is New York's rather than New Jersey's. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see also In re Berge*, 953 F.3d 907, 916–17 (6th Cir. 2020). Zirvi's claim against the Thermo Fisher attorneys rests on an alleged conspiracy they conducted on Thermo Fisher's behalf with Illumina. In other

4

words, he alleges illicit conduct arising from an attorney-client relationship. That relationship is one which sounds in privity. *See Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 671 (E.D. Pa. 2012)), *aff'd per curiam*, 518 Fed. App'x 99 (3d Cir. 2013).

Because Zirvi alleges this malpractice arose from a conspiracy to shield the ongoing trade-secret theft, these claims arise from the same cause of action. But Zirvi pivots and asserts that "res judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint," *i.e.*, the complaint raised in the first court. Zirvi Br. 26 (quoting *Morgan*, 648 F.3d at 178). Because he was unaware of any representation issues until 2019, he says the doctrine does not apply. We reject this argument for two reasons. First, Zirvi never referenced the second settlement agreement in his complaint here, so his claims are not "predicated" on that allegation. *Morgan*, 648 F.3d at 178; *see Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general . . . the most recently filed amended complaint becomes the operative pleading."). His claims remain rooted in the same cause of action from the New York case. Second, Zirvi amended his complaint in the New York case *after* he learned of the second settlement agreement, so it cannot have "postdate[d]" the complaint in that case. *Morgan*, 648 F.3d at 178. Because the res judicata factors apply, and because no exceptions apply, the District Court properly dismissed Zirvi's claim with prejudice.

## III

In any event, Zirvi says the District Court should have given him leave to amend his complaint. Federal Rule of Civil Procedure 15(a)(2) gives courts discretion to grant for leave to amend "when justice so requires," so we review for abuse of discretion.

5

*United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 234 (3d Cir. 2013).

Zirvi's motion did not explain how he would amend his complaint, or why. At this stage in the litigation, the District Court had already concluded res judicata barred the whole of his claims from this controversy, relying on a merits judgment that these claims were time-barred. In such a situation, "it could hardly have been an abuse of discretion for the District Court not to have afforded [him] such leave." *Id.* at 243 (internal quotation marks omitted). Zirvi urges that justice nonetheless requires his leave to amend. But he does not explain why, and since we cannot perceive any injustice from the District Court's denial, we cannot say it abused its discretion.

\*     \*     \*

For these reasons, we will affirm the District Court's judgment.